**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 05-5251**

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FELTON GARY CARTER,

Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge. (CR-04-67)

—————————

Submitted: September 22, 2006      Decided: October 13, 2006

—————————

Before WILLIAMS, KING, and DUNCAN, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Diana H. Cap, Research and Writing Attorney, Raleigh, North Carolina, for Appellant.  Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Felton Gary Carter pled guilty to being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1) (2000). The district court sentenced him to a seventy-eight-month term of imprisonment. Carter appeals his sentence on the ground that it is unreasonable. We affirm.

Carter contends that his seventy-eight-month sentence is unreasonable. After United States v. Booker, 543 U.S. 220 (2005), a district court is no longer bound by the range prescribed by the sentencing guidelines. However, in imposing a sentence post-Booker, courts still must calculate the applicable guideline range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). We will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range. Id. at 433. "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006).

Here, the district court sentenced Carter post-Booker, appropriately treated the guidelines as advisory, and considered the § 3553(a) factors. Carter's seventy-eight-month sentence falls within the properly calculated guideline range, and the sentence is

well within the ten-year statutory maximum.  <u>See</u> 18 U.S.C. § 924(a)(2) (2000).  Moreover, Carter suggests no information to rebut the presumption of reasonableness.  Thus, we find that the sentence is reasonable.

Accordingly, we affirm the sentence and deny the Government's motion for summary affirmance as moot.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>